IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**JAIME MACHIN-RODRIGUEZ**,

  Plaintiff

  v.                                                    **CIVIL NO. 03-1746 (SEC)**

**C+C PARTNERSHIP COCA COLA PUERTO RICO,**

  Defendant

## REPORT AND RECOMMENDATION[1]

Before the Court is C+C Partnership Coca Cola Puerto Rico ("Coca Cola")'s *Motion For Summary Judgement* (Docket No. 26), requesting dismissal of the instant action, alleging that plaintiff Jaime Machin-Rodriguez ("Machin-Rodriguez") has failed to proffer sufficient well pleaded facts to establish a prima facie case under the American with Disabilities Act ("ADA"). After careful review of all the evidence and material facts on record, the Court **RECOMMENDS** defendants's *Motion for Summary Judgment* (Docket No. 26) be **GRANTED**.

## STANDARD OF REVIEW

Summary Judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material facts and that the moving party is entitled to judgement as a matter of law." Fed. R. Civ. P. 56(c). Pursuant to said rule, the moving party bears the two-fold burden of showing that there is "no genuine issue as to any material facts," and that he is "entitled to judgment as a matter of law". Vega-Rodriguez v. Puerto Rico Tel. Co., 110 F.3d 174, 178 ( 1st Cir., 1997). After the moving party has satisfied this burden, the onus shifts to the resisting party to show that there still exists a "trial worthy issue as to some material fact." Cortes-Irizarry v. Corporacion

---

[1] This Report and Recommendation should be read along with the Court's separate Report and Recommendation also issued on this date.

**CIVIL NO. 03-1746 (SEC)**                           2

Insular, 111 F.3d 184, 187 (1rst Cir., 1997).

      To determine whether these criteria have been met, a court must pierce the boilerplate of the pleadings and carefully review the parties' submissions to ascertain whether they reveal a trial worthy issue as to any material fact. Perez v. Volvo Car Corporation, 247 F.3d 303, 310 (1st Cir., 2001).; Grant's Dairy Me., LLC v. Comm'r of Me. Dep't of Agric. Food and Rural Res., 232 F.3d 8, 14 (1st Cir., 2000); Cortes-Irizarry v. Corporacion Insular, 111 F.3d 184, 187; McIntosh v. Antonino, 71 F.3d 29, 33 (1st Cir. 1995) (The court must look behind the facade of the pleadings and assay the parties' proof in order to determine whether a trial is required.). A fact is "material" if it potentially could affect the suit's outcome. McIntosh, 71 F.3d at 33.  An issue concerning such a fact is "genuine" if a reasonable fact finder, examining the evidence and drawing all reasonable inferences helpful to the non-movant, could resolve the dispute in that party's favor. Id. The Court must review the record "taken as a whole", and "may not make credibility determinations or weigh the evidence." Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 150(2000). There is "no room for credibility determinations, no room for the measured weighting of conflicting evidence such as the trial process entails, [and] no room for the judge to superimpose his own ideas of probability and likelihood..." Greenburg v. Puerto Rico Mar. Shipping Auth., 835 F.2d 932, 936 (1st Cir., 1987). "The court should give credence to the evidence favoring the non-movant as well as the evidence supporting the moving party that is contradicted or unimpeached, at least to the extent that evidence comes from disinterested witnesses." Id. An absence of evidence on a critical issue weights against the party-be it the movant or the non-movant who would bear the burden of proof on that issue at trial.  Perez v. Volvo Car Corporation, 247 F.3d 303, 310; See also Torres Vargas v. Santiago Cummings, 149 F23d. 29, 35-36 (1st Cir., 1998); Garside v. Osco Drug, Inc., 895 F.2d 46, 48 (1st Cir. 1990).

      At the summary judgment stage, the trial court examines the entire record "in the light most flattering to the non-movant and indulges all reasonable inferences in that party's favor. Only if the record, viewed in the manner and without regard to credibility determinations, reveals no genuine issue as to an material fact may the court enter summary judgment."Cadle Company v. Hayes, 116

**CIVIL NO. 03-1746 (SEC)**                                   3

F.3d 957, 959-60(1st Cir.,1997). In other words, the court mus construe the record and all reasonable inferences from it in favor of the non-movant (the party opposing the summary judgment motion). Suarez v. Pueblo Int'l. Inc., 229 F.3d 49, 53 (1st Cir. 2000); Cortes-Irizarry v. Corporacion Insular, 111 F.3d 184, 187.

## LEGAL ANALYSIS

*Machin's Standing as a Qualified Individual under the ADA*

To establish a prima facie case of disability discrimination under the ADA, the plaintiff must show (1) that he suffers from a "disability" within the meaning of the act; (2) that he was able to perform the essential functions of the job, with or without reasonable accommodation; and (3) that the employer took adverse employment against him due to the disability. Lebron Torres v. Whitehall Laboratories, 251 F.3d 236, 239 (1st Cir.2001). The defendant request summary judgment alleging that Macin is not "disabled" within the meaning of the Act, and that any employment action taken was not based on or influenced by his disability.

The term "qualified individual with a disability" is defined by statute as someone with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires. 42 U.S.C. § 12111. The ADA further defines the term "disability" as "a.) a physical or mental impairment that substantially limits one or more of the major life activities of an individual; b.) a record of such an impairment; c.) being regarded as having such an impairment." 42 U.S.C. § 12102(2); Toyota Motor v. Williams, 534 U.S. 184, 193 (2002); Sullivan v. Neiman Marcus Group, Inc., 538 F.3d.110, 114 (1st Cir. 2004).

The evidence of record clearly shows that Machin's-Rodriguez's depression and anxiety attacks are an impairment. See *Plaintiffs' Exhibits 1, 6, 7* (Docket No. 35); Calero-Cerezo v. U.S. Dept. of Justice, 335 F.3d 6, 20 (1st Cir. 2004) (recognizing depression as a mental impairment). However, only those impairments which substantially limit a major life activity are protected by the ADA. Lessard v. Osram Sylvania, Inc., 175 F.3d. 193, 197 (1st Cir. 1999). Having determined that the evidence on record establishes that Machin-Rodriguez suffered from an impairment, the Court must determine whether that impairment limited a major life activity, and, if so, if such impairment

**CIVIL NO. 03-1746 (SEC)**                                4

was *substantial*. Calero Cerezo, 355 F.3d at 20. The burden is on the plaintiff to establish both. See Bailey v. Georgia-Pacific Corp., 306 F.3d 1162, 1167 (1st Cir. 2002).

Major life activities are those central to daily life. Toyota Motor v. Williams, 534 U.S. 184,197(2002). According to Machin-Rodriguez, his depression limited him from sleeping, working, eating, concentrating, taking care of himself or his personal hygiene, doing house chores, sustaining sexual relations, driving, walking and running. Plaintiff's **Exhibit 1**, *Machin-Rodriguez's Sworn Statement ¶14,15* (Docket No.35). Major life activities include functions such as caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, and breathing. 45 C.F.R. §84.3(j)(2)(ii). Moreover, the First Circuit has previously found that eating and sleeping also constitute major life activities. Criado v. IBM Corp., 145 F. 3d 437, 442-43 (1st Cir. 1998). Taking into consideration the evidence of record, the Court finds that Machin-Rodriguez has not established that he suffered from an impairment which limited a major life activity. Only in his sworn statement does Machin state which major life activities were allegedly impaired. Machin-Rodriguez states in his memorandum and sworn statement that he consulted doctors and obtained medical opinions consonant with his alleged injuries and limitations, but he has not provided the Court with any medical evidence to that effect. Machin-Rodriguez's failure to provide the Court with competent medical evidence dooms his claims since plaintiffs in ADA cases have the burden of establishing **with medical evidence** the existence of the alleged disability. See Stone v. Sangamon County Sheriff's Dept., 168 F. Supp. 2d 925, 931 (C.D. Ill. 2001); Douglas v. Victor Capital Group, 21 F. Supp. 2d 379, 392 (S.D.N.Y. 1998); see also Heilweil v. Mt. Sinai Hospital, 32 F.3d 718, 723 (2d Cir. 1994), cert. denied, 115 S. Ct. 1095 (1995) . There is no medical evidence of record to evidence that a major life activity was impaired. More so, Machin-Rodriguez's own self serving affidavit in lieu of a doctor's report is insufficient to defeat summary judgment. Id. Moreover, it is insufficient for individuals attempting to prove disability status under this test to merely submit evidence of a medical diagnosis of an impairment. Toyota Motors, 534 U.S., at 197. Instead the ADA requires those "claiming the Act's protection...to prove a disability by offering evidence that the extent of the limitation [caused by their impairment] in terms of their own

**CIVIL NO. 03-1746 (SEC)**                    5

experience... is substantial." Albertson's, Inc. v Kirkingburg, 527 U.S. 555, 567. Consequently, Plaintiff has also failed to identify *substantial* major life impairments as required by the *Toyota Motors* standards.

Hence, the Court finds that Machin-Rodriguez has set forth insufficient evidence for the Court to conclude that his limitations affected any of his "major daily life activities." Plaintiff's only remaining grounds for finding him disabled within the meaning of the Act is that he was "regarded as" having an impairment that precluded him from performing his job.

Plaintiff alleges that defendant "regarded" Machin-Rodriguez as an individual with a disability. *Plaintiffs' Memorandum of Law in Support of the Opposition to the Motion For Summary Judgment* ¶ 24-25 (Docket No.35). There are two ways in which an individual may fall within the "regarded as" category. The first requires that a "covered entity mistakenly believes that a person has a physical impairment that substantially limits one or more major life activities". Sullivan, 358 F.3d at 117. The second entails that "a covered entity mistakenly believes that an actual, non limiting impairment substantially limits one or more major life activities." Id. To successfully satisfy the "regarded as" prong, the employee must demonstrate [1] that the employer thought that he was impaired in his ability to do the job that he held, and [2] that the employer regarded him as substantially impaired in "either a class of jobs or a broad range of jobs in various classes as compared with the average person having comparable training, skills, and abilities." Id.   A plaintiff claiming that he is "regarded as" disabled cannot merely show that his employer perceived him as somehow disabled; rather, he must prove that the employer regarded him as disabled within the meaning of the ADA, Bailey v. Georgia Pacific Corp. 306 F. 3d 1162, 1170 (1st Cir. 2002). There is no evidence to contradict Machin-Rodriguez's allegations that he constantly told his supervisors about his medical problems. *Plaintiffs' Memorandum of Law in Support of the Opposition to the Motion For Summary Judgment* ¶ 26 (Docket No.35). Moreover, there is no evidence to contradict the fact, that he alleges that he was harassed because of his conditions. Id. He did in fact ask for a "reasonable accommodation", and was awarded one. Defendant's **Exhibit A** p. 95 (Docket No.27). However, Machin-Rodriguez has failed to present any evidence, beyond

**CIVIL NO. 03-1746 (SEC)**                    6

his own termination, demonstrating that Coca Cola may have believed that he could not perform the essential functions of either a class of jobs or a broad range of jobs in various classes. Sullivan, 358 F.3d at 118. Consequently, the Court concludes that nothing in the record demonstrates that plaintiff's employer considered him to be unfit for either a class of jobs or a broad range of jobs. Bailey 306 F. 3d at 1170.

## CONCLUSION

WHEREFORE, the Court **RECOMMENDS** Machin-Rodriguez's *Motion for Summary Judgment* (Docket No. 26) be **GRANTED**.

Under the provisions of 28 U.S.C. § 636 and Rule 72(d), Local Rules, District of Puerto Rico, any party who objects to this report and recommendation must file a written objection thereto with the Clerk of the Court within ten (10) days of the party's receipt of this report and recommendation. The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections. Failure to comply with this rule precludes further appellate review. See Thomas v. Arn, 474 U.S. 140, 155 (1985), reh'g denied, 474 U.S. 1111 (1986); Davet v. Maccorone, 973 F. 2d 22, 30/31 (1st Cir. 1992).

**IT IS SO ORDERED**

**Date: June 29, 2005**                    S/ Gustavo A. Gelpí
                                           **GUSTAVO A. GELPÍ**
                                           **U.S. Magistrate Judge**

**CIVIL NO. 03-1746 (SEC)**                    7

-