UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

JAIME MACHIN-RODRIGUEZ
    Plaintiff

v.                                            Civil No. 03-1746(SEC)

C&C PARTNERSHIP COCA-COLA
PUERTO RICO
    Defendant

**O R D E R**

| MOTION | RULING |
|---|---|
| **Docket # 40 Motion to Strike Defendant's Motion for Summary Judgment and/or Exhibit C of their Dispositive Motion** | **DENIED**. Plaintiff in the instant case filed a motion requesting that the Court strike Defendant's Exhibit C in support of its motion for summary judgment as it is allegedly contains incorrect information and constitutes inadmissible hearsay (Docket # 40). Defendant opposed said motion (Docket # 44). The Court referred this matter to Magistrate Judge Gustavo Gelpí (Docket # 76) who recommended that Defendant's Exhibit C be stricken for constituting inadmissible hearsay statements (Docket # 83). Defendant has filed a timely objection to the Magistrate's finding (Docket # 87). For the reasons set forth herein, the Court will **REJECT** the Magistrate's recommendation and **DENY** Plaintiff's motion to strike Defendant's Exhibit C.<br><br>      The Magistrate found that the statements included in Mr. Pérez-Aponte's affidavits are inadmissible hearsay under Rule 801(c) of the Federal Rules of Evidence (Docket # 83 at p. 3). However, while the statements included in Mr. Pérez-Aponte's affidavits are out of court declarations made by third parties, Mr. Pérez-Aponte's affidavits are admissible as these were not introduced by Defendant to prove that Plaintiff was involved in a competing business but **to support its contention that it had a non-discriminatory reason to terminate Plaintiff's employment**. That is, Defendant introduced said exhibit to establish its "good faith belief" that Plaintiff had violated company policy and not whether Plaintiff in fact violated said policy. Thus, Defendant's Exhibit C is not hearsay as it was not offered "to prove the truth of the matter asserted." Therefore, Defendant's Exhibit C is not hearsay under Rule 801(c) of the Federal Rules of Evidence. |

| MOTION | RULING |
|---|---|
| **Docket # 41 Motion to Strike Plaintiffs' Opposition to Defendant's Motion for Summary Judgment** | **GRANTED**. Defendant filed a motion requesting that the Court strike Plaintiff's Statement of Contested Facts as it failed to comply with Local Rule 56(c). Plaintiff opposed said request (Docket # 53). The Court then referred this matter to Magistrate Judge Gustavo Gelpí (Docket # 76) who recommended that Plaintiff's Statement of Contested Facts (Docket # 35) be stricken as it fails to comply with Local Rule 56(c) (Docket # 83). Defendant has filed a timely objection to the Magistrate's recommendation (Docket # 86). For the reasons set forth herein the Court will **ADOPT** the Magistrate's recommendation and deem Defendant's Statement of Uncontested Facts **ADMITTED** as provided by Local Rule 56(e).<br><br>    Local Rule 56(b) requires the moving party to file annexed to its motion for summary judgment "a separate, short, and concise statement of material facts, set forth in numbered paragraphs, as to which the moving party contends there is no genuine issue of material fact to be tried." **Unless the non-moving party controverts this statement, all the material facts set forth therein "shall be deemed to be admitted."** Cosme-Rosado v. Rosado-Figueroa, 360 F.3d 42 (1st Cir. 2004) (emphasis added). This is the so-called "anti-ferret rule." See, e.g., Orbi, S.A. v. Calvesbert & Brown, 20 F. Supp. 2d 289, 291 (D.P.R. 1998). While failure to comply with this rule does not automatically warrant the granting of summary judgment, "it launches the nonmovant's case down the road toward an early dismissal." Tavárez v. Champion Prods., Inc., 903 F. Supp. 268, 270 (D.P.R. 1995). In a recent opinion, the First Circuit reaffirmed the validity of the well-known anti-ferret rule previously codified in Local Rule 311.12. Cosme-Rosado, 360 F.3d 42, 45 (noting that "parties ignore [it] at their peril") (quoting Ruiz-Rivera v. Riley, 209 F.3d 24, 28 (1st Cir. 2000) (citations omitted)). As such, the Court is not required to "ferret through the record" lurking for facts that may favor the parties when those facts were not proffered as required by Local Rule 56(c). Morales v. Orssleff's Eftf, 246 F.3d 32, 33 (1st Cir. 2001).<br><br>    Although both parties have filed separate statements of material facts, Plaintiff has clearly failed to comply with Local Rule 56(c). Local Rule 56(c) states that: "[a] party opposing a motion for summary judgment shall submit with its opposition a separate, short, and concise statement of material facts. The opposing statement shall admit, deny or qualify the facts by reference to each numbered paragraph of the moving party's statement of material facts and **unless a fact is admitted shall support each denial or qualification by a record citation as required by this rule** "(emphasis added). Even a cursory review of Plaintiff's filing demonstrates that he failed to comply with this Rule. Plaintiff simply denied Defendant's statements in paragraphs 4,5,6,7,8,9,10,11,13,14,15, 16 and 18 in one paragraph without supporting said denials with a record citation. See Docket # 35 at ¶ 2. The Court is not required to "ferret through the record" to find support for said blanket denials. Accordingly, the Court will deem Defendant's Statement of Uncontested Facts admitted as provided by Rule 56(e)("Facts contained in a supporting or opposing statement of material facts, if supported by record citations as required by this rule, shall be deemed admitted unless properly controverted."). |

DATE:   September 20, 2005

S/ *Salvador E. Casellas*
SALVADOR E. CASELLAS
U.S. Senior District Judge