IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JAIME MACHIN-RODRIGUEZ | |
| Plaintiff | |
| v. | Civil No. 03-1746(SEC) |
| C&C PARTNERSHIP COCA COLA PUERTO RICO | |
| Defendant | |

**OPINION AND ORDER**

Before the Court is Defendant's motion for summary judgment (Docket # 26). Plaintiff filed an opposition to said motion (Docket # 36). Defendant replied (Docket # 50 & 56) and Plaintiff sur-replied (Docket # 64). The Court then referred this case to Magistrate-Judge Gustavo A. Gelpí for a Report and Recommendation (Docket # 76). On June 29, 2005 Magistrate Gelpí issued his report, recommending that Defendant's motion for summary judgment be granted in its entirety and Plaintiff's claims under the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et seq. ("ADA") be dismissed with prejudice (Docket # 84).[1] Plaintiff then filed an objection to the Magistrate's Report and Recommendation (Docket # 85) and Defendant replied (Docket # 88). After reviewing the Magistrate's findings, the parties' filings and the applicable law, the Court will **APPROVE** and **ADOPT** the Magistrate's Report and Recommendation. Accordingly, the Court will **GRANT** Defendant's motion for summary judgment.

**Factual Background**

Plaintiff worked for Defendant from October 15, 1990 until his dismissal on July 1,

---

[1] Plaintiff's claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq., Puerto Rico Law 100 of June 30, 1959, as amended, 29 P.R. Laws Ann. §§ 146 et seq., Puerto Rico Law 69 of July 6, 1985, as amended, 29 P.R. Laws Ann. §§ 1321 et seq. and Puerto Rico Law 17 of April 22, 1988, 29 P.R. Laws Ann. § 155 were previously dismissed with prejudice (Docket # 14). Thus, only Plaintiff's claims under the ADA, Puerto Rico Law 44 of July 2, 1985, as amended, 1 P.R. Laws Ann. §§ 501 et seq. and Puerto Rico Law 80 of May 30, 1976, as amended, 29 P.R. Laws Ann. §§ 185a et seq. remain pending for adjudication. See Docket # 1 at pp. 10-11.

**Civil No. 03-1746(SEC)**                                                                                                                    2
_____

2002 (Docket # 1 ¶ 7). During his employment Plaintiff was promoted on several occasions (Docket # 1 ¶¶ 8-10). However, Plaintiff avers that in March of 2002 he was diagnosed with herniated discs and a severe major depression (Docket # 1 ¶ 11). As a result of Plaintiff's alleged disability, Plaintiff contends to have been demoted, mocked by supervisors and co-workers, denied reasonable accommodation, harassed, and ultimately discharged from employment (Docket # 1 ¶¶ 15-31). Consequently, Plaintiff filed the instant action seeking relief, among others, under the ADA.

   **Standard of Review**

   Pursuant to 28 U.S.C. §§ 636(b)(1)(B), Fed. R. Civ. P. 72(b) and Local Rule 72(a) for the District of Puerto Rico, a District Court may refer dispositive motions to a United States Magistrate Judge for a Report and Recommendation. See Alamo Rodríguez v. Pfizer Pharms., Inc., 286 F. Supp. 2d 144, 146 (D.P.R. 2003). The adversely affected party can "contest the Magistrate Judge's report and recommendation by filing objections 'within ten days of being served' with a copy of the order." United States of America v. Mercado-Pagán, 286 F. Supp. 2d 231, 233 (D.P.R. 2003) (quoting 28 U.S.C. § 636(b)(1)). Aside from being filed in a timely manner, objections "shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the legal basis for such objection." Local Rule 72(d).

   The scope of review of a Magistrate's recommendation is set forth in 28 U.S.C. § 636(b)(1)(c). This section provides that "[a] judge of the [district] court shall make a de novo determination of those portions of the report or specified findings or recommendations to which [an] objection is made." Id. The Court can "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate," however, if the affected party fails to timely file objections,"'the district court can assume that they have agreed to the magistrate's recommendation.'" Alamo-Rodríguez, 286 F. Supp. 2d 144, 146 (D.P.R. 2003)

**Civil No. 03-1746(SEC)**                                                                                     3
_____

(quoting Templeman v. Chris Craft Corp., 770 F.2d 245, 247 (1st Cir. 1985)). Thus, no review is required of those issues to which objections are not timely raised. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); Borden v. Sec'y of Health & Human Servs., 836 F.2d 4, 6 (1st Cir. 1987). In fact, a party who fails to file any objections to the Magistrate Judge's Report and Recommendation within ten days of its filing waives his or her right to appeal from the district court's order. Henley Drilling Co. v. McGee, 36 F.3d 143, 150-51 (1st Cir. 1994); United States v. Valencia-Copete, 792 F.2d 4, 5 (1st Cir. 1986); Davet v. Maccarone, 973 F.2d 22, 30-31 (1st Cir. 1992) ("[f]ailure to raise objections to the Report and Recommendation waives that party's right to review in the district court and those claims not preserved by such objection are precluded on appeal").

**Applicable Law and Analysis**

In his Report and Recommendation the Magistrate found that Plaintiff could not establish that his impairment, to wit, depression and anxiety attacks, substantially limited a major life activity (Docket # 84 at p. 4). Specifically, the Magistrate stated that Plaintiff's self-serving affidavit and failure to present any medical evidence in support of his contention that his impairment limited a major life activity doomed his discrimination claim under the ADA (Docket # 84 at p. 5). The Magistrate further found that Plaintiff's evidence was also insufficient to prove that he was "regarded as" having an impairment that precluded him from performing his job (Docket # 84 at pp. 5-6).

Plaintiff has presented several objections to the Magistrate's Report: (1) Plaintiff provided sufficient medical evidence, Dr. Rodríguez Cay's medical records, to establish that he is substantially limited from performing his daily activities; (2) Plaintiff's affidavit is sufficient, in itself, to create an issue of fact as to the effect that his impairments have on his major life activities; and (3) the Magistrate erred by not discussing the merits of Plaintiff's claim of discrimination stemming from Defendant's failure to provide reasonable

**Civil No. 03-1746(SEC)** 4
_____

accommodation (Docket # 85). We will address each of these objections in this same order.

### 1. ADA Claim

The ADA prohibits, *inter alia*, certain types of discrimination in the workplace against an otherwise qualified individual with a disability. A qualified individual with a disability is a person with a disability who can perform the essential functions of the job with or without reasonable accommodation. 42 U.S.C. § 12111(8). In order to establish the existence of a "disability" under the ADA, a plaintiff must show that he has: (1) "a physical or mental impairment that substantially limits one or more of the major life activities of [an] individual"; (2) "a record of such an impairment"; or (3) is "regarded as having such an impairment." 42 U.S.C. § 12102(2); see, Sullivan v. Neiman Marcus Group, Inc., 358 F.3d 110, 114 (1st Cir. 2004). Plaintiff bears the initial burden of establishing that he is disabled within the meaning provided by the ADA. Calero-Cerezo v. U.S. Dept. of Justice, 355 F.3d 6, 20 (1st Cir. 2004)

Having failed to object to the Magistrate's finding that there is nothing in the record suggesting that Defendant regarded Plaintiff as disabled, the Court need only consider whether Plaintiff presented sufficient evidence to create an issue of fact as to the existence of his impairments, the major life activities affected by said impairments, and whether said activities are substantially limited as a result of said impairments. Julia v. Janssen, Inc., 92 F. Supp. 2d 25, 35 (D.P.R. 2000)(stating that the Court's inquiry revolves around three questions: (1) Does the claimant have a physical or mental impairment? (2) What is the life activity that claimant asserts is limited and is it a major life activity? (3) Does the impairment substantially limit the major life activity?); Calero-Cerezo, 355 F.3d at 20 (stating that the burden is on the plaintiff to establish these three elements); Sánchez v. ACAA, 247 F. Supp. 2d 61, 69 (D.P.R. 2003); Cruz-Carillo v. AMR Eagle, Inc., 148 F. Supp.2d 142, 144-45 (D.P.R. 2001)(applying this same standard).

**Civil No. 03-1746(SEC)**                                                                                                 5
_____

The Magistrate found that the evidence in the record showed that Plaintiff's depression and anxiety attacks are impairments under the ADA (Docket # 84 at p. 3). However, Plaintiff has objected to the Magistrate's finding that there was insufficient evidence in the record to substantiate Plaintiff's contention that said impairments **substantially** affect his major life activities. Thus, in accordance with the above-stated standard, we review the Magistrate's finding in this respect *de novo*.

Plaintiff has alleged that the major life activities affected by his impairments include working, sleeping, eating, concentrating, caring for personal hygiene, relating to other persons, cleaning, sustaining sexual relations, lifting, moving, pulling or pushing objects, moving or sitting down (Docket # 35, Ex. 1 at p. 3). However, upon reviewing the record as a whole, there a certain inconsistencies in Plaintiff's claims which are worth noting. The following are some examples: Plaintiff has claimed that one of the major life activities affected by his impairments is his ability to work. Nevertheless, in his affidavit Plaintiff clearly states that he "could perform the functions and duties of my position, and indeed performed the functions and duties of my position" (Docket # 35, Ex. 1 at p. 3) and in his deposition Plaintiff has testified under oath that he is currently working at the family's business, JM Vending Machines, Inc. (Docket # 27, Ex. B at p. 5). Plaintiff has also claimed that his impairments have left him unable to drive, but at his deposition he testified to have driven to doctor's appointments and that his doctor at no time has ordered him to refrain from driving (Docket # 35, Ex. 1 at p. 3 & Docket # 27, Ex. B at p. 89). Next, Plaintiff has claimed not to be able to lift, move, pull or push objects. However, he has testified under oath to have been shopping and fixing up (painting) his home (Docket # 35, Ex. 1 at p. 3 & Docket # 27, Ex. B at p. 147-48).

That said, however, we assume for the purposes of this Opinion that Plaintiff's asserted major life activities fall within the definition provided by the ADA and that these

**Civil No. 03-1746(SEC)**                                                                                                   6
_____

have in fact been somewhat affected by his alleged impairments. However, Plaintiff would still need to present evidence suggesting that said major life activities are **substantially** affected in order for Plaintiff to be "disabled" under the ADA. Toyota, 524 U.S. at 690 ("Merely having an impairment does not make one disabled for purposes of the ADA." Plaintiff must also demonstrate that the impairment limits a major life activity and that said limitation is substantial.); Soler-Román, 283 F.3d at 22 ("The ADA addresses substantial limitations on major life activities, not utter inabilities.")(internal quotations omitted).

"Substantially limited" has been defined by EEOC's regulations to mean: "[u]nable to perform a major life activity that **the average person in the general population can perform**"; or "[s]ignificantly restricted **as to the condition, manner, or duration** under which an individual can perform a particular major life activity as compared to the condition, manner, or duration under which the **average person in the general population** can perform that same major life activity." 29 C.F.R. § 1630.2(j)(1)(ii) (emphasis added). To make this determination, the Court looks at the nature and severity of the impairment, its duration or expected duration, and the permanent or long term impact resulting from the impairment. 29 C.F.R. § 1630.2(j)(2). Thus, this inquiry requires an individualized analysis of the effects of the claimed impairments on the individual's life activities since "what disables one person does not necessarily disable another." Heisler v. Metro. Council, 339 F.3d 622, 627-30 (8th Cir. 2003); Sánchez, 247 F. Supp. 2d at 69 (D.P.R. 2003) (stating that "to be substantially limiting, '[t]he impairment's impact must . . . be permanent or long term'") (quoting Toyota Motor Mfg., Ky., Inc. v. Williams, 534 U.S. 184, 198 (2002)); Soler-Román v. Hosp. San Pablo, Inc., 283 F.3d 11, 22 (1st Cir. 2002) ("the EEOC's emphasis on condition, manner or duration in contrasting how a disabled person performs an activity and how a member of the general public performs that same activity dovetails with this formulation") (internal quotations omitted). Plaintiff contends that Dr. Rodríguez Cay's progress notes along with

**Civil No. 03-1746(SEC)**                                                                                                                         7
_____

his affidavit are sufficient evidence to create an issue of fact in this respect. We disagree. Let us explain.

     First, we examine Plaintiff's medical evidence with respect to his depression and anxiety attacks. Plaintiff's medical evidence consists of the following documents: (1) Dr. Rodríguez-Cay's progress notes of Plaintiff's psychiatric treatment from August 1997 until December 1992 (Docket # 81, Ex. 1), (2) a Claimant's Report with Plaintiff's medical certificate dated May 27, 2002 (Docket # 69, Ex. IX), (3) a referral in May 10, 2002 to Dr. Calderín at the Instituto Panamericano of Caguas for evaluation due to symptoms of depression and anxiety (Docket # 69, Ex. VII), and (4) a certification from the First Hospital Panamericano certifying Plaintiff's admission to said institution for treatment between March 22, 2002 and April 8, 2002 (Docket # 69, Ex. VIII). There is no question that these exhibits document Plaintiff's unfortunate condition of depression and anxiety. The Magistrate agreed in this respect. However, none of these exhibits provide more information than a diagnosis of depression and in no way evidence that said depression substantially limits nor limited any of Plaintiff's major life activities. Thus, Plaintiff's medical evidence is completely devoid of any reference as to the effect that Plaintiff's depression has had, if any, on his major life activities as required by the ADA, or that Plaintiff's depression is more disabling to him than the same diagnosis on any other person in the general population. Toyota, 534 U.S. at 691-92(merely submitting evidence of a medical diagnosis is insufficient to prove the extent of the limitation imposed on a major life activity); Soler-Román, 283 F.3d at 23-4 (a plaintiff cannot rely on diagnosis alone, specific information about the nature of the impairment and its effect is needed); Calef v. Gillet Co., 322 F.3d 75, 83-86 (1st Cir. 2003)(stating that evidence of life experience and medical assessment showing substantial limitation is needed, merely pointing to diagnosis in not enough and failure to present evidence that plaintiff could not perform some usual activity compared with the general population, or that he had a

continuing inability to handle "stress" at all times is fatal for a plaintiff's case). Accordingly, we find that Plaintiff's medical evidence simply states his diagnosis and treatment and hold that said evidence does not provide the Court with any specific information as to how said diagnosis substantially affects his major life activities.

Plaintiff's next piece of evidence is his affidavit listing the major life activities which have been allegedly affected by his depression and anxiety attacks (Docket # 35 at pp. 3 & 20). In said statement, Plaintiff has again failed to **describe or provide any specific information** on the effects, let alone the "substantial" effects, that his diagnosis has or has had on his major life activities. Conclusory allegations, without more, are simply not enough to shoulder the weight of defeating summary judgment in this respect, specially when, at this juncture, Plaintiff has the burden of proof. Collado v. United Parcel Serv., Inc., 419 F.3d 1143 (11th Cir. 2005)(holding that a plaintiff's testimony which fails to suggest that he is "significantly restricted" in comparison to the average person in the population is insufficient to create an issue of fact as to whether his diabetes substantially limits his ability to eat); Cruz-Carillo, 148 F. Supp.2d at 145 (holding that "[plaintiff's] testimony, without more, is not enough to shoulder his burden of showing a substantial limitation"); Heisler v. Metro. Council, 339 F.3d 622, 627-30 (8th Cir. 2003)(holding that a major depressive disorder is a mental impairment but that a plaintiff's mere assertions and conclusory statements regarding the impact that said depression has on her major life activities, without more, are insufficient to create an issue of fact as to the impact that said disorder has on her major life activities). Accordingly, the record being completely devoid of the severity of Plaintiff's impairment in comparison to the general population, Plaintiff has failed to establish that he is disabled within the meaning provided by the ADA.

Next, Plaintiff has objected to the Magistrate's alleged failure to address his ADA claim for Defendant's failure to provide reasonable accommodation. In his complaint,

**Civil No. 03-1746(SEC)** 9
_____

Plaintiff alleges two incidents of discrimination, to wit, the denial of a reasonable accommodation and his termination. The ADA requires employers to provide "reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship." Toyota, 534 U.S. at 193 (quoting 42 U.S.C. § 12112(b)(5)(A)(1994 ed.)). The specifications of the *prima facie* proof vary depending on the nature of the discrimination claim. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 n. 13 (1973). In general, however, to state a *prima facie* case of disability discrimination, the plaintiff must show (1) that he has a disability within the meaning of the ADA; (2) that, with or without reasonable accommodations, he can perform the essential functions of the position he holds; and (3) that he was discriminated against because of his disability. Ward v. Mass. Health Research Institute, Inc., 209 F.3d 29, 33 (1st Cir. 2000); Quiñones-Vázquez v. Salvation Army, Inc., 240 F. Supp. 2d 150, 153 (D.P.R. 2003)(stating that "the burden of proof on all three prongs is on the plaintiff"); Steward v. Happy Herman's Cheshire Bridge, Inc., 117 F.3d 1278 (11th Cir. 1997); Pritchard v. S. Co. Servs., 92 F.3d 1130, 1132 (11th Cir. 1996) amended on reh'g, 102 F.3d 1118 (11th Cir. 1996). It follows that in order to have an actionable claim of discrimination for failure to provide reasonable accommodation, Plaintiff would have had to establish first his disability within the meaning of the ADA. Having found that Plaintiff failed to present sufficient evidence to create an issue of fact as to his status of "disabled" within the ADA, the Magistrate's analysis rightfully concluded. Plaintiff simply failed to provide sufficient evidence as to the first prong of his *prima facie* case. Thus, we find no fault with the Magistrate's Report in this respect. Accordingly, Defendant's motion for summary judgment is **GRANTED** and Plaintiff's ADA claims will be **DISMISSED WITH PREJUDICE**.

    **2. Supplemental Law Claims**

**Civil No. 03-1746(SEC)**                                                                                                                   10
_____

Having dismissed all of Plaintiff's federal claims against Defendant, we will similarly dismiss Plaintiff's Commonwealth law claims. See Newman v. Burgin, 930 F.2d 955, 963 (1st Cir. 1991)("[t]he power of a federal court to hear and to determine state-law claims in non-diversity cases depends upon the presence of at least one 'substantial' federal claim in the law suit."). Accordingly, Plaintiff's supplemental law claims will be **DISMISSED WITHOUT PREJUDICE.**

**Conclusion**

The Court has reviewed the objected portions of the Magistrate's Report and Recommendation *de novo* and has decided to **APPROVE** and **ADOPT** it as our own. Consequently, Defendant's motion for summary judgment is **GRANTED**. Plaintiff's ADA claim will be **DISMISSED WITH PREJUDICE**. Plaintiff's supplemental law claims under the laws of the Commonwealth of Puerto Rico against Defendant will be **DISMISSED WITHOUT PREJUDICE**. Judgment shall be entered accordingly.

       **SO ORDERED.**
In San Juan, Puerto Rico, this 20th day of September, 2005.

                                        S/ *Salvador E. Casellas*
                                        SALVADOR E. CASELLAS
                                        U.S. Senior District Judge